IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABIGAIL STOCKBRIDGE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-4800 |
| | § | |
| VERNON BOWERS ENTERPRISES, INC. | § | |
| D/B/A VERNON'S KUNTRY KATFISH | § | JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Abigail Stockbridge ("Plaintiff") brings this collective action complaint on behalf of herself and others similarly situated to recover unpaid wages from Defendant Vernon Bowers Enterprises, Inc. d/b/a Vernon's Kuntry Katfish ("Defendant").

I.  NATURE OF SUIT

1. The Fair Labor Standards Act ("FSLA") is   designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . ." 29 U.S.C. § 202(a).  To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employees.  29 U.S. C. §§ 206(a) & 207(a).

2. The FLSA allows employers to pay less than minimum wage to employees who receive tips. 29 U.S.C. § 203(m).  In doing so, employers may take a "tip credit," which allows employers to include in their calculation of tipped employees' wages the amount than an employee receives in tips.  *Id*.  In order to apply a tip credit toward an employee's minimum wage, an employer must satisfy two conditions:  1) The employer must inform the employee that it will take a tip credit; and 2) tipped employees must retain all the tips they received, except those tips included in a tipping pool among employees who customarily and regularly receive tips. *Id.*

1

3. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

4. Defendant violates the FLSA by requiring its servers to participate in an invalid tip pool, whereby servers must pay a percentage of their tips to Defendant, which then keep their tips. Accordingly, Plaintiff bring this collective action to recover unpaid wages under § 216(b) of the FLSA.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically under the FLSA, 29 U.S.C. § 201, *et seq.*

6. Plaintiff's claims arise under §§ 3(m) and 16(b) of the FLSA. 29 U.S.C. §§ 203(m) and 216(b). In connection with the acts and course of conduct alleged in this collective action complaint, Plaintiff engaged in commerce or in the production of goods for commerce. Further, Defendant is an employer that engaged in commerce or in the production of goods for commerce and is, therefore, covered by the FLSA.

7. Venue is proper in the Southern District of Texas – Houston Division because a substantial part of the acts and conduct charged herein occurred in this district.

## III. THE PARTIES

8. Plaintiff Abigail Stockbridge is a resident of Liberty County, Texas. Stockbridge is an employee employed by Defendant within the meaning of the FLSA.

9. The class of similarly situated employees consists of all current and former servers of Defendant who were required to pay a percentage of their tips to Defendant at Vernon's Kuntry Katfish. These similarly situated persons are referred to as "Members of the Class" or "the Class."

10. Defendant Vernon Bowers Enterprises, Inc. d/b/a Vernon's Kuntry Katfish is a corporation. Furthermore, Defendant is an "employer" under the FLSA and acted as such in relation to Plaintiff and Members of the Class. Defendant may be served with process through its registered agent, Mary C. Bowers, 5901 W. Davis, Conroe, Texas 77305, or wherever she may be found.

## IV.  FACTS UNDERLYING THE CLAIMS

11. Stockbridge worked for a restaurant called Vernon's Kuntry Katfish located in Conroe. Defendant has paid Plaintiff less than minimum wage for her work as a waitress taking advantage of federal law involving tip credits. Defendant requires Plaintiff to contribute a portion of her tips to a tip pool that is controlled by Defendant. Defendant does not distribute these tips to customarily tipped employees in accordance with federal law.

12. Defendant keeps tip pool monies for themselves.

13. Servers tips are taken because the Defendant charges them 2% of the total receipts received.

14. This amount is charged indiscriminately, even on cash payments that cause no charge to the business.

15. Defendant uses this money for a tip out of hosts, food runners, and bussers, based on specific amounts per shift. To the extent there are excess funds on a given night, management keeps those funds.

16. Upon information and belief, the restaurant or its management keep a portion of the amounts referred to in Paragraph 13.

17. In addition servers are charged 5% of all their credit card tips.

18. The business does not incur a 5% fee on credit card transactions.

19. Upon information and belief, the restaurant or its management keep all or a portion of the amounts referred to in Paragraph 17 and it is not equivalent to the business' credit card costs.

20. Defendant's illegal pattern and practice at its Kuntry Katfish restaurant is in violation of the FLSA. Defendant knows or should know that its policies and practices violate the FLSA, and Defendant has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard carried, and continues to carry, out this illegal pattern or practice of improperly requiring tips to be distributed back to them. Furthermore, as set forth below, other former and current employees of Defendant were subjected to the same wrongful policies, practices, and or procedures.

21. Other persons employed as servers at Vernon's Kuntry Katfish have been victimized by the foregoing patterns, practices, and/or policies, which is in violation of the FLSA. Many of these employees have worked with Plaintiff and have reported that they were required to tip-out a portion of their tips to Defendant. Thus, from discussions with these employees and former employees, Plaintiff is aware that the illegal practices or policies imposed on them have been imposed on other current and former servers and bartenders at Vernon's Kuntry Katfish restaurant located in Conroe.

22. Accordingly, Defendant's pattern or practice of requiring its servers to participate in an invalid tip pool, whereby Defendant's servers must pay a percentage of their tips to Defendant, is a generally applicable policy or practice and does not depend on the personal circumstances of the Members of the Class. Thus, Plaintiff's experience is typical of the experience of the Members of the Class.

23. All servers who were required to pay a percentage of their tips to Defendant at its Kuntry Katfish restaurant are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore defined as:

24. All current and former servers, bartenders, and other tipped employee not paid the minimum wage by Defendant at any time during the time period of March 1, 2023 to the present who were required to pay a percentage of their tips to Defendants.

## V.  CAUSES OF ACTION

25. Plaintiff incorporates herein all allegations contained in paragraphs 1 through 24.

26. Defendant's practice of requiring its servers to pay a percentage of their tips to Defendant was and is in violation of the FLSA. 29 U.S.C. § 203(m). Accordingly, Plaintiff and all those similarly situated are entitled to minimum wage for each hour worked, in addition to the amount they were required to tip-out to Defendants. *Id.*

27. Additionally, Plaintiff and all those similarly situated are entitled to an amount equal to all their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

## VI.  JURY DEMAND

28. Stockbridge hereby demands a trial by jury.

## VII. PRAYER

29. WHEREFORE, Stockbridge respectfully requests that judgment be entered in her favor, awarding her and all similarly situated employees:

   a. minimum wage for each hour worked, in addition to wages equal to the amount they were required to tip-out to Defendant;

   b. overtime pay for any overtime hours worked by Stockbridge or the class members;

   c. an equal amount as liquidated damages as allowed under the FLSA;

   d. an injunction against further violations;

   e. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

   f. such other and further relief as may be required by law.

Dated:  December 22, 2023.

                                      Respectfully Submitted,

                                      /s/ *Hessam Parzivand*
                                      **Hessam Parzivand**
                                      TBA # 24071157
                                      **THE PARZIVAND LAW FIRM, LLC**
                                      The Parzivand Law Firm, PLLC
                                      10701 Corporate Drive, Suite 185
                                      Stafford, Texas 77477
                                      T: (713) 533-8171
                                      F: (713) 533-8193
                                      HP@parzfirm.com

                                      **ATTORNEYS FOR PLAINTIFF AND**
                                      **ALL OTHERS SIMILARLY SITUATED**